UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| METROMOTION PRODUCTIONS, INC., a New York Corporation, and DAYLIGHT STUDIO, LLC, a New York Limited Liability Corporation, | CASE NO. |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| FIREMAN'S FUND INSURANCE COMPANY, A California Corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

----------------------------------------------------------------x

Plaintiffs METROMOTION PRODUCTIONS, INC. and DAYLIGHT STUDIO, LLC, by and through their attorneys, Childress Loucks & Plunkett, Ltd., respectfully allege for their Complaint against Defendant, FIREMAN'S FUND INSURANCE COMPANY (hereinafter "FFIC" or "Defendant") as follows:

## NATURE OF THE ACTION

This case concerns FFIC's failure to pay amounts due under an insurance policy issued to Metromotion Productions, Inc. and Daylight Studio, LLC (hereinafter collectively referred to as "Plaintiffs"). In refusing to pay Plaintiffs' insurance claims, FFIC breached the terms of the insurance policy and acted in bad faith. Plaintiffs sustained damage due to FFIC's bad faith, breach of contract, and deceptive business practices.

## JURISDICTION AND VENUE

1

1. Metromotion Productions, Inc. ("Metromotion") was and is a corporation duly organized and existing under the laws of the State of New York, owned and operated by Marc Chanti.

2. Daylight Studio, LLC ("Daylight") was and is a limited liability corporation duly organized and existing under the laws of the State of New York, owned and operated by Marc Chanti.

3. Plaintiffs maintain offices at 450 W. 31st Street, New York, New York, 10001 (hereinafter the "Insured Premises").

4. FFIC was and is a corporation existing under the laws of the State of California, with its principle place of business located in California as well.

5. The amount in controversy in this civil action well exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Consequently, this Court has diversity jurisdiction as established under 28 U.S.C. §1332.

7. Venue is proper pursuant to 28 U.S.C. § 1441(a) because it is the venue in which the cause of action accrued and where the Insured Premises in question is located.

## FACTS

8. Plaintiffs reallege and reincorporates the preceding paragraphs 1 through 7, and further state and allege as follows:

9. Metromotion provides clients with photography production support and equipment and prop rentals.

10. Daylight rents its studio to clients for commercial photoshoots and event space.

11. Marc Chanti is the owner of both Metromotion and Daylight.

12. The Insured Premises served as Metromotion's location for prop rentals, photoshoots, and storage of photography equipment, such as lighting, grip equipment, and computers.

13. The Insured Premises also served as Daylight's rental space for events.

14. Prop rentals included furniture, rugs, backdrops, and kitchen supplies.

15. A significant portion of Plaintiffs' business income comes from studio and equipment rentals for photography and events.

16. Defendant issued an insurance policy, Policy No. E 92 XPX 80960325 (the "Policy") to Plaintiffs.

17. Both Metromotion and Daylight are listed as the insureds under the Policy.

18. Plaintiffs timely paid all premiums due on the Policy.

19. Under the Policy, Defendant agreed to pay for direct physical loss to the Insured Premises. (See Exhibit A).

20. The Policy also provides coverage for Plaintiff's Business Real Property and Business Personal Property at replacement cost.

21. Under the Policy, Defendant also agreed to pay for loss of business income sustained due to necessary suspension of operations resulting from a direct physical loss.

22. On February 1, 2015, the Insured Premises was flooded and severely damaged by water flowing in from a burst pipe on the floor above (hereinafter the "Loss").

23. The Loss has rendered Plaintiffs' businesses inoperable, as the Insured Premises and most of the equipment and property kept at the Insured Premises sustained direct physical damage.

24. The Policy was in full force and effect at the time of the Loss.

25. Plaintiffs promptly and properly made a claim to Defendant, Claim No. 0515-179843 (the "Claim"), for insurance benefits under the Policy and fulfilled all other post-loss duties required under the Policy.

26. Plaintiffs submitted multiple Sworn Statements in Proof of Loss to Defendant at its request.

## AS AND FOR THE FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

27. Plaintiffs hereby adopt and re-allege the allegations contained within paragraphs 1 through 24 above as though they were more fully set forth herein, and further state:

28. Pursuant to the Policy, Defendant has a contractual obligation to pay the full amount of the Loss, including the costs to repair, restore, and/or replace the damage, less applicable deductibles.

29. Pursuant to the Policy, Defendant has a contractual obligation to pay the full amount of lost business income, less applicable deductibles.

30. The Policy issued by Defendant provided coverage in sums limited to $1,400,000.00 at the time of the Loss.

31. At all times relevant herein, Plaintiffs have maintained an insurable interest in the Insured Premises as the owners.

32. Although Plaintiffs have satisfied all conditions and obligations of the Policy, Defendant has failed, refused, and continues to fail and refuse to pay all the benefits due and owing under the Policy.

33. The Insured Premises sustained damages caused by the direct force of water flowing from a burst pipe in the unit above.

34. Defendant's failure to wholly compensate Plaintiffs for their full loss constitutes a breach of contract.

35. This breach of the Policy was and is the direct and proximate cause of damage to Plaintiffs in an amount in excess of $75,000.00.

36. Plaintiffs and Defendant are parties to a written contract, implied into which is the duty of good faith and fair dealing.

37. Defendant has an obligation to investigate, bargain, and settle claims in good faith, and to abide by all applicable laws and regulations.

38. Defendant has an obligation to investigate in good faith and pay covered claims arising out of the terms of its insurance contract with Plaintiffs.

39. Defendant violated New York State Insurance Law § 2601 for unfair claim settlement practices.

40. Defendant has an obligation to honestly, adequately and promptly evaluate the claims arising out of the terms of the contract between Plaintiffs and Defendant.

41. Defendant knew or should have known that failure to perform would cause additional damages that the Policy was intended to protect against.

42. Defendant failed to honestly, adequately, and promptly adjust the covered loss under the Policy.

43. Plaintiffs have complied in good faith with all terms of the Policy.

44. Plaintiffs are entitled to recover for the entirety of the Loss and/or are entitled to monetary damages caused by the bad faith, wanton and willful conduct of Defendant.

45. Plaintiffs are entitled to consequential damages which were reasonably foreseeable and proximately caused by Defendant's breach of the terms of the Policy.

46.     Defendant has compelled Plaintiffs to institute this action to recover amounts due under the Policy.

47.     Defendant's culpable denial of Plaintiffs' Claim warrants punitive damages, as the Insured Premises suffered catastrophic damage from water flowing into it from an above unit.

48.     Defendant's failure to pay the Loss uncured despite being presented with proof of extensive damage is egregious conduct.

49.     Defendant's conduct was egregious in nature in that the maintenance of this Policy and systematic failure to pay for a covered loss materially misled Plaintiffs to believe they would be wholly indemnified.

50.     Plaintiffs are entitled to recover for the entirety of the loss or damage to the Insured Premises and/or are entitled to monetary damages caused by the bad faith, wanton and willful conduct of Defendant, including punitive damages resulting from Defendant's egregious conduct against Plaintiffs and the public-at-large as Defendant has willfully and/or knowingly violated New York Insurance Law § 2601.

## AS AND FOR THE SECOND CAUSE OF ACTION
## FOR USE OF DECEPTIVE BUSINESS PRACTICES

51.     Plaintiffs hereby adopts and re-allege the allegations contained within paragraphs 1 through 48 above as though they were fully set forth herein, and further states:

52.     This is an action sounding in violation of New York General Business Law § 349.

53.     Defendant is engaged in the providing insurance policies to consumers and the public-at-large.

54.     Defendant has employed the systematic act and/or practice of denying and/or underpaying claims that are timely made and duly brought under their issued insurance policies for covered perils.

55. Defendant has failed to pay Plaintiffs monies due under their insurance policy despite suffering damages from a covered peril and timely making a claim.

56. Defendant has materially misled Plaintiffs to believe they would be wholly indemnified for covered losses while continuing to maintain the force and effect of their Policy.

57. As a direct result of Defendant's deceptive practices, Plaintiffs have suffered damages and were compelled to retain undersigned counsel to represent their interests in this matter.

58. Plaintiffs are entitled to recover for the entirety of the loss or damage to the Insured Premises and the loss of business income and/or punitive damages, and reasonable attorney's fees for Defendant's egregious conduct against Plaintiffs and the public-at-large as Defendant has willfully and/or knowingly violated New York General Business Law § 349.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, METROMOTION PRODUCTIONS, INC. and DAYLIGHT STUDIO, LLC, demand judgment against Defendant, FIREMAN'S FUND INSURANCE COMPANY, for all proceeds due under the insurance policy in an amount to be determined at trial, including but not limited to punitive, consequential, and actual damages, pre- and post-judgement interest as allowed by law, reasonable attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs Metromotion Productions, Inc. and Daylight Studio, LCC hereby demand a trial by jury on all issues so triable.

DATED: August 18, 2017                               Respectfully submitted,


                                                    /s/*William Kelly*_____
                                                     William Kelly


William Kelly
McCarthy Kelly
52 Duane Street
New York, NY  10007
Telephone:  212-732-5040
bk@mccarthykelly.com




                                                    Respectfully submitted,

                                                    /s/*Michael Childress*_____
                                                    Michael Childress


Michael Childress
CHILDRESS LOUCKS & PLUNKETT, LTD.
11 West Illinois, Fourth Floor
Chicago, Illinois 60654
Telephone: (312) 494-0200
Facsimile: (312) 494-0202
Mchildress@childresslawyers.com
www.childresslawyers.com
*Attorneys for Plaintiffs via Pro Hac Vice to be filed*